We will now proceed to the sixth case, the United States v. Guerrero, Ms. Gambino. Good afternoon, your honors. It's been a while since I've seen you. It has been. Judge Plum and Judge Hamilton. And I'm here too. I said you first, Judge. Oh, I'm sorry. I said Judge Robin. I always say ladies first. Oh, sorry. I'm here, but I don't hear. Your honors, I am here because the district court in Mr. Guerrero's case erred in finding that he was statutorily ineligible for a reduction in his sentence under Hughes v. the United States and under Title 18, United States Code 3582C2. And the United States Sentencing Commission Amendment 782, which had the effect of reducing the entire guideline range by two levels based on drug quantity. The issue here is that the judge, in response to the Hughes motion, said that Mr. Guerrero was not eligible for a reduction because this issue had already been decided by the court. And, in fact, what the court did the first time around was not address the merits of the case, but only to find that he was ineligible at that time. You looked like you were about to ask a question. Yeah, I guess my concern. Sure. Let me first make sure. Do you believe Judge Lozano's original decision in 2015 was wrong? I do. Okay. And precisely why? There are two reasons why Judge Lozano's decision was wrong. The first one, and the most obvious one, is that Dillon had been decided by that time, and the judge based his decision that he was ineligible on the fact that his guideline range had not been lowered. Overlooking the 5K1. Overlooking 5K1 and Dillon, which said that you are entitled to a reduction that is comparable to the reduction you received the first time around. If it's a 5K1. Right. Okay, yeah. So he said he could only get the six-level reduction, not the eight-level reduction. But the six-level, quote, reduction, that was a downward departure, correct? Not a change in the guideline range. Right. All of this was based on the 5K1. Right. Okay. And obviously he runs into the, as Judge Springman found, he runs into the prohibition on successive motions. Right. Okay. My question is whether, and this is for both sides, how we should understand Mr. Guerrero's letter of July 20th, 2015, which asks the court to appoint counsel. And Judge Lozano says, no, I'm not going to do that, but in essence runs with it and decides the merits of such a request without having such a request in front of him. Right? He decides the eligibility, yes. Right. So the way I read that letter, he wants a lawyer and he wants a lawyer to present a request, which obviously would require at least some development of why he's eligible under Dillon given the 5K1, et cetera. It wouldn't have to be elaborate, but it would have been helpful at this point. So what I'm concerned about is that it looks to me like Judge Lozano, with no doubt the best of intentions, took this request for counsel and in essence recharacterized it as his one and only chance at relief under Amendment 782. That's a kind of problem that we've dealt with before, in particular under Section 2255, where there are prohibitions on successive motions. But the Supreme Court has taught very clearly that if a judge wants to recharacterize a document in such a way as to make it the one chance, then the judge has to give the author notice of that and an opportunity to withdraw. That's under the Castro case. That reasoning seems to me would apply here and would call for us, in essence, a remand to allow the district court to decide this on the merits of the 3582C2 petition. That's correct, Judge. I agree with your analysis because I would definitely argue that this first go-around could not properly be considered. And this has nothing to do with Hughes, as near as I can tell? No. Okay. This has nothing to do with me. I didn't come in until the Hughes piece of the equation. Okay. Hughes didn't judge anything at all, did it? For him. It did judge in one sense, and that is I think that Judge Springman or the district court in the second decision read Hughes a little bit narrowly. I think the government also did, too. Because the prior decision on Freeman wasn't centered so much on the 111C rule as it was on the lack of a as the guidelines, as the decision not being based on the guidelines. And so what we have in Mr. Guerrero's case, while it wasn't technically under 11C1C, it was a decision that was not based under the guidelines in the sense of Freeman because the parties had agreed and the judge imposed the same sentence that the parties had agreed. So in that sense, yes, Hughes opens the door a little bit further to say that it's okay because all of these decisions are based on the guidelines, whereas prior to Hughes, I think if the case had been presented fully, there would have been the argument not only about 5K1, but the government probably would have come back with the argument, well, this isn't a case where the reduction is based on the guidelines because the parties had an agreement and the judge went along with it. So I think his sentence wasn't the result of a binding type C plea agreement. And I didn't see any evidence that Judge Lozano mistakenly believed that it was when he denied Mr. Guerrero's first motion in 2015. No, no, there was no mistaken belief about it. What I'm arguing is by analogy. What Judge Lozano did originally was to not properly interpret how the guidelines reduced and incorporate the 5K1 substantial assistance reduction along with that. What I'm saying is that if the case wasn't fully briefed in front of Judge Lozano, he did this on his own, he didn't take into account Dillon, and he didn't take into account other arguments that could and should have been presented with respect to this. So what I'm saying is that Hughes does make a difference in terms of allowing courts to look at all sentencing determinations as based on the guidelines, not simply the ones that are explicitly based on the guidelines. But that's sort of a side note. And if I could now come back around to Judge Hamilton's point also. And that is that in this particular case where Mr. Guerrero was reaching out but not specific about how he was going to go about this, I don't believe he had a fair opportunity to present the issue that he wanted to present. And that it would be fundamentally unfair in this particular case to foreclose him from ever having the merits of his motion or his request addressed. Yes? Oh, I'm sorry. You sounded like you were going to ask me a question. No, no. I'm thinking. Okay. So because what Judge Lozano did was find that Mr. Guerrero was ineligible and he never addressed the merits. It's a two-step analysis. And what he did was say, well, he's not eligible because it doesn't change his guidelines, even if we apply this amendment. And he didn't go on to address whether the merits of the motion should be heard, and that would be his exercise of discretion upon a finding of eligibility that he should have the reduction. Now, so I think in order for Mr. Guerrero to ever get a fair hearing of this motion, it needs to be sent back to the district court for a determination of because nobody argues that he's not eligible by means of the reduction in the guidelines. I think both parties would say yes. The guidelines are reduced in this case, especially when you take into account the substantial assistance motion. And so then the question would become, does he merit this particular reduction? And that's never been addressed, not by Judge Lozano and not by the district court from the current case. So we would like Mr. Guerrero to have that opportunity. I see I'm about out of time here. If you have no more questions, I will reserve my 30 seconds. Thank you, Ms. Gandino. Mr. Holler. Thank you for your patience today. Your pleasure, Your Honors. Good morning, Your Honors, and may it please the Court. This Court has repeatedly recognized a defendant is permitted to file only one 3582 motion per guideline amendment. Guerrero filed a 3582 motion based on Amendment 782 in 2014, and it was denied. To the extent that the defendant believed that that argument was wrong on the merits, or to the extent he believed that his motion wasn't really a motion and really was intended to be solely a request for counsel or something of that nature, he had a remedy for that. And the remedy for that is an appeal, an appeal of the original order. That order was issued in October of 2015. The defendant hasn't made any allegation that he didn't receive notice of that order. He hasn't made any allegation that that order was mischaracterized. His only claim in this Court and always has been that that was wrong on the merits. And the remedy for that is to appeal. He didn't appeal. Instead, he, in March of 2016, filed an untimely motion to reconsider. At that point, again, he didn't characterize this as, you shouldn't have ever ruled on this, this was really just a request for counsel. He didn't make an argument that, hey, this has something to do with any of the issues that were at issue in Hughes or in this Court's cases related to that, Dixon or Ray or any of those cases. He argued another complete side issue, a case of this Court's called Wren, that I also don't believe has too much to do with the issues here. Then he appealed, and this Court issued its standard Rule 3B order that said, you either need to file an informal pauperous motion with us or you need to file a docketing statement or you need to pay the filing fee. And, again, he did nothing. And he waited two and a half years before he then filed his new motion based on Hughes for the reasons the Court has already explained and they've already been discussed. This case does not have anything to do with any of the issues that are present in Hughes. The District Judge Lozano didn't cite Hughes. Judge Lozano didn't deny this motion based in any way on Hughes. This is not a C1C plea, which is what was at issue in Hughes and Freeman and Ray and Dixon. This is a B plea, and the Courts always have assumed that B pleas count. So for that reason, we think that the rules are the rules from red and beard. There is one decision per amendment. This Court's decision in Wissinger, which I acknowledge is unpublished but I think makes the valid point, is even if you're wrong, even if the District Court was wrong on the merits, your remedy for that is to appeal. Judge Hamilton, I do acknowledge your point. I mean, I suppose there could be a scenario if the District Court had just in response to this motion, Document 1238, said, I see you want counsel, but I've looked at this on my own and I'm denying the motion. It might be a closer case, but that's just not the facts of this particular case. I mean, in response to the defendant's motion, the Court says, the foster decision holds I can't give you counsel, and I'm going to now look at this. I'm going to now get probation to look at this. I'm going to review this motion. So it's not like he responds to the July 20th order by immediately denying the motion sua sponte. He takes time. He sends the notice. He gets the order, and then, in fact, he takes so long that Guerrero responds, requests for status. Document 1258, Alex Guerrero proceeding pro se, humbly requests the status of petitioner's 3582C2 drug minus 2 motion. He's characterizing it himself as a motion. I mean, again, I'm sure Mr. Guerrero would have loved to have counsel. This Court's precedents say he wasn't entitled to counsel, and so he wanted to go forward on the merits of his motion. And in his response in his March 2016 motion for clarification or motion for reconsideration, he again, you know, Alex Guerrero humbly requests clarification regarding this honorable court's October 27, 2015 order denying petitioner's request for a sentence reduction. That's what he wanted. He wanted a sentence reduction. He filed a motion for a sentence reduction that certainly included a request for counsel, but that's what this was. Redd and Beard specify that a party is entitled to one such motion. He filed that motion. He didn't file an appeal, and he can't come back now in 2019 and reconsider that. Mr. Holler, just so that we get the language correct here, the original guideline calculation was offense level 43, criminal history category 1. Is that right? I believe that's correct, Your Honor. Yes, it was 43, and he would have been criminal history 1. He was a police officer. And then there was a downward departure, which, as I understand it, it was measured in terms of levels, which was what confuses this a little bit. That's how our district does it, which I believe is somewhat unusual, but we traditionally award 5Ks based on levels. Okay. Some people do it by percentages, as you know. And I understood Judge Lozano to be saying, I took six levels off for the 5K1 and two levels off for something else. Do you know what that was? No. We haven't tracked it down yet. Okay. I don't know what it was, Your Honor. The government requested a six-level reduction based on substantial assistance, and that would produce him at a level 37. In order to get him a 228-month sentence, one would need to get him to a level 35 in order to then fall within the relevant range. And the district court, I mean, you know, one can go back and read the sentencing transcript, and the parties basically, the government just says, you know, we agreed in a plea agreement to recommend 228 months, and that's the sentence that we're recommending. I mean, you know, I don't think that this case, for the reasons I've already explained, I don't think this case should ever go back to the district court for consideration of this particular issue on the merits. But if it did, this becomes sort of the flip of the Hughes cases and the Freeman cases, although it's not a C1 seeply, where although the guidelines were considered, it doesn't seem to me that they drove, in many respects, the sentence here. The sentence was a sentence that everybody agreed, you know, here's where we get based on the substantial assistance, and for other reasons in this case, which appear to have basically just been everything that you're going to read in the PSR and everything you know about this defendant, we believe that this below-guideline sentence is a fair sentence. That's, I think, where the parties came out here, but that's the sentence that ultimately came up. The guideline range was at a 37, which was above, and the parties agreed that a 228-month, 19-year sentence was appropriate, and that's the sentence the court imposed. Ultimately, I don't know that the court needs to get into all of those details here because the bottom line is the law is clear from red, and the law is clear from beard. You get one chance at it. Maybe Judge Lozano misinterpreted Dillon or some of these other cases, and maybe he had the authority to impose a lower sentence. Maybe he would have exercised that discretion, or maybe he wouldn't have. The point is that if we'd been arguing this case in 2016, those would be the issues we'd be litigating. Instead, we're litigating red and beard because of where we're at. And so I don't know that the court, in writing its opinion, needs to say much more other than the defendant filed a motion for a sentence reduction in 2015. It was denied. He appealed and abandoned his appeal. And under red and beard, his case is over, regardless of anything else that one could say about the case. The court has no further questions. It's been a long day, and I would simply ask that the judgment, Judge Springman's judgment, be affirmed because the court cannot review Judge Lozano's judgment. Thank you. Thank you. Your Honor, I think that there are a couple of things to be taken into concern about. First of all, the judge was wrong about Foster. I mean, he couldn't have the court pay for a lawyer, but he certainly could have appointed one. And it regularly happens, especially, as you know, in this district, where when there are changes in the guidelines, federal defenders do take over that and file the requisite motions so that these kinds of problems don't come up. So he could have done something to get this man a lawyer. And the cases which talk about, cited by opposing counsel, which talk about not having a second motion, look at cases in which they characterize as having a second bite of the apple. And Mr. Guerrero never even got a first bite of the apple because the issue wasn't properly presented in the first instance, and there was no merits determination in the second instance. So I think the only fair thing to do with respect to Mr. Guerrero that's in keeping with the law also is to give him that opportunity for a merits determination of the issue. Thank you, Mr. Campino. Thanks to both counsel. Case is taken under advisement and the court will stand in recess.